**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CPUMATE INC. and GOLDEN SUN NEWS TECHNIQUES CO., LTD.**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**GIGA-BYTE TECHNOLOGY CO. LTD. and G.B.T. INC.**<br><br>    **Defendants** | CIVIL ACTION NO.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs CpuMate Inc. and Golden Sun News Techniques Co., Ltd. ("Plaintiffs") for its Complaint against Giga-Byte Technology Co. Ltd. and G.B.T. Inc., (collectively "Giga-Byte" or "Defendants"), demands a trial by jury and alleges as follows:

### PARTIES

1.  Plaintiffs CpuMate Inc. is a Taiwanese company with a principal address of No. 13, Wu-chiuan 5th Rd., Wu-Ku Industrial District, Taipei Hsien, 248, Taiwan, R.O.C. and Golden Sun News Techniques Co., Ltd. is a Taiwanese company with a principal address of No. 60 Wucyuan Rd., Wugu District, New Taipei City 248, Taiwan R.O.C.

2.  On information and belief, Defendant Giga-Byte Technology Co. Ltd., is a Taiwanese corporation with its principal place of business at No.6 Bao Chiang Road, Hsin-Tein Dist., New Taipei 231, Taiwan.  On information and belief Giga-Byte Technology Co. Ltd., is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Giga-Byte Technology Co. Ltd. resides in this jurisdiction within the meaning of 28

U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state. Giga-Byte Technology Co. Ltd. may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Giga-Byte Technology Co. Ltd. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Defendant G.B.T. Inc. is incorporated under the laws of California with its principal place of business at 17358 Railroad Street, City of Industry, CA 91748-1023.  This defendant is registered to do business in the State of California and has appointed Eric C. Lu at 17358 Railroad Street, City of Industry, CA 91748-1023, as its agent for service of process.  On information and belief, G.B.T. Inc. regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, Giga-Byte has transacted business in this district, and has

committed acts of patent infringement in this district, by making, using, selling, and /or offering for sale at least the Giga-Byte 3D Rocket Cooler Pro and GTX560.

6. On information and belief, Giga-Byte is subject to this Court's general and specific personal jurisdiction because: Giga-Byte has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Giga-Byte has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Giga-Byte regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Giga-Byte's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,562,696

7. Plaintiffs are the owners of all rights, title and interest to United States Patent No. 7,562,696 ("the '696 Patent") entitled "Juxtaposing Structure for Heated Ends of Heat Pipes." The '696 Patent was issued on July 21, 2009 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '696 Patent was filed on May 16, 2006. Attached as Exhibit "A" is a copy of the '696 Patent.

8. The '696 Patent is generally directed to a juxtaposing structure for a plurality of heat pipes.

9. On information and belief, Giga-Byte has been and now is infringing the '696 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices having a juxtaposing structure for a plurality of heat pipes. On information and belief, examples of Giga-Byte products that infringe

the '696 Patent include, its Giga-Byte GTX560. Giga-Byte is thus liable for infringement of the '696 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Giga-Byte's infringement of the '696 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Giga-Byte's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Giga-Byte and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '696 Patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,093,648

12. Plaintiffs are the owners of all rights, title and interest to United States Patent No. 7,093,648 ("the '648 Patent") entitled "Heat Pipe Cooling Device and Method for Manufacturing the Same." The '648 Patent was issued on August 22, 2006 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '648 Patent was filed on December 22, 2005. Attached as Exhibit "B" is a copy of the '648 Patent.

13. The '648 Patent is generally directed to heat pipes cooling devices.

14. On information and belief, Giga-Byte has been and now is infringing the '648 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices having heat pipe cooling devices according to the '648 Patent. On information and belief, examples of Giga-Byte products that infringe the '648 Patent include, its Giga-Byte 3D Rocket Cooler Pro. Giga-Byte is thus liable for infringement of the '648 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Giga-Byte's infringement of the '648 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Giga-Byte's infringing activities are enjoined by this Court.

16. Unless a permanent injunction is issued enjoining Giga-Byte and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '648 Patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

A. A judgment in favor of Plaintiffs that Giga-Byte has infringed the '696 and '648 Patents.

B. A permanent injunction enjoining Giga-Byte and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '696 and '648 Patents;

C. A judgment and order requiring Giga-Byte to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Giga-Byte infringement of the '696 and "648 Patents as provided under 35 U.S.C. § 284;

D. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

F. Any and all other relief to which Plaintiffs may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 26, 2013

Respectfully submitted,

CPUMATE, INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
Texas State Bar No. 24068745
Deborah Jagai
Texas State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

ATTORNEYS FOR PLAINTIFFS
CPUMATE, INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

## CERTIFICATE OF FILING

I hereby certify that on April 26, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge